Jonathan Corbett, Esq. (CA Bar No. 325608)
**CORBETT RIGHTS, P.C.**
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
Phone: (310) 684-3870
FAX:   (310) 675-7080
E-mail: jon@corbettrights.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Carroll<br>-and-<br>Sarah Jean Duprey,<br>*on behalf of themselves and*<br>*all others similarly situated,*<br>            *Plaintiffs,*<br><br>                *v.*<br><br>United Airlines, Inc.,<br>            *Defendant* | Case No. 2:23-CV-8236<br><br>**CLASS-ACTION COMPLAINT**<br><br>*JURY TRIAL DEMANDED* |

## Introduction

1. Defendant United Airlines, Inc. ("United") is a major U.S. airline with the second largest fleet in the country, including 19 "Boeing 777-200" aircraft of its approximately 900 planes in service.

2. But, United has demonstrated that they are unable to safely maintain the engines on these 23-to-28 years old 777-200s, as evidenced by a shocking number of flights on this model with engine failure, engine fires, smoke in the cabin, smoke in the cockpit, pieces of engine parts separating at high speed and penetrating the hull of the aircraft, loss of cabin pressure, and sounds of explosion, causing passengers to fear for their lives as the plane diverts to the nearest airport.

3. Plaintiffs Brandon Carroll and Sarah Jean Duprey ("Plaintiffs") were passengers on United Flight 1158 ("UA1158") on June 21st, 2023, from Los Angeles International Airport (LAX) to Daniel K. Inouye International Airport (HNL) (Honolulu, HI), when, shortly after takeoff, they heard a loud explosion and smoke from one of the engines filled the cabin, causing severe emotional distress as they and their fellow passengers contemplated fiery death for approximately 25 minutes as their plane conducted an emergency landing.

4. Passengers on the second largest U.S. airline in the country should not have to worry about whether the engines on their plane will make it to their destination without exploding. The cause of Plaintiffs' emotional distress was negligence by United which apparently will not stop until it is no longer economically viable to place passengers at this risk. The named plaintiffs hereby seek to recover for themselves and all other passengers on UA1158.

**Jury Demand**

5. Plaintiffs demand a jury trial on all issues so triable.

**Parties**

6. Plaintiff Brandon Carroll is a natural person residing in Los Angeles County, California and a citizen thereof.

7. Plaintiff Sarah Jean Duprey is a natural person residing in Los Angeles County, California and a citizen thereof.

8. Defendant United Airlines, Inc., is a corporation formed in the State of Delaware and headquartered in Illinois, and it a citizen of those two states. United also maintains offices within Los Angeles County, California.

**Jurisdiction & Venue**

9. The Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2), as at least one plaintiff and one defendant are citizens of different states, there are over 100 putative class members, and the total amount in controversy is likely to exceed $5,000,000.

10. The Court has general personal jurisdiction over United because it regularly does business within the State of California and the incident that gave rise to this complaint occurred within the same.

11. The Court is a proper venue pursuant to subsection 28 U.S.C. § 1391 (b)(2) because the incident that gave rise to this complaint occurred within this judicial district.

**Statement of Facts**

12. On June 21st, 2023, Plaintiffs boarded UA1158, a flight marketed and operated by United, at LAX airport, with a scheduled destination of HNL airport.

13. The plane operating UA1158 that day, boarded by Plaintiffs, was a Boeing 777-200 with tail number N779UA, powered by two Pratt & Whitney PW4077 engines.

14. UA1158 departed LAX airport at approximately 8:51 AM local time.

15. Approximately 5 minutes into the flight, Plaintiffs heard a loud explosion.

16. Shortly thereafter, smoke filled the cabin.

17. The United employees piloting the plane declared an emergency to air traffic control and began diversion back to the origin airport.

18. Meanwhile, the passengers on UA1158 feared that they were about to die while experiencing respiratory distress due to smoke inhalation.

19. Plaintiffs Carroll and Duprey, a married couple, were terrified, believed they were about to die, and said goodbye to each other and their 11-month old infant on board.

20. The other ~260 passengers on board appeared to be similarly distressed, exhibiting looks of panic or terror, shouting, and likewise saying their goodbyes.

21. Thankfully, UA1158 completed its emergency landing at LAX airport at approximately 9:20 AM local time and there were no serious physical injuries.

22. Upon information and belief, the cause of the explosion and smoke was a failure in the engine or attached systems (controllers, power units, generators, *etc.*).

23. After landing, Plaintiffs continued to experience signs of severe emotional distress, including uncontrolled crying, shaking, racing heart, difficulty sleeping, nightmares, and fear of flying, some of which persist to date.

24. The experience of passengers on UA1158 was not an isolated incident.

25. In fact, it was not even the first time this year that N779UA had engine failure: on February 4th, 2023, an engine shut down mid-flight.

26. Another United 777-200, with tail number N772UA, had an engine explode in-flight due to a fan blade breaking off and being propelled from the engine at high speeds in 2021.

27. Another United 777-200, with tail number N773UA, had the same problem in 2018.

28. Another United 777-200, with tail number N783UA, had smoke in the cabin during flights *twice*, in 2016 and 2017.

29. Another United 777-200, with tail number N781UA, had engine failures during flights *twice*, in 2016 and 2017.

30. Two more United 777-200s, with tail number N797UA and N215UA, both had an engine shut down in-flight, in 2017 and 2016, respectively.

31. Another United 777-200, with tail number N777UA, was diverted after smoke from the engine in 2018.

32. United operates approximately 900 airplanes, of which approximately 19 are 777-200s.

33. United's 777-200s are all approximately 23 to 28 years old.

34. As demonstrated above, at least eight of United's nineteen 777-200s (42%) have had at least 1 engine failure during flight or takeoff. At least three have had such problems at least twice.

35. United also operates several dozen Boeing 777-200<u>ER</u> aircraft, the oldest of which use the same PW4077 engines as their 777-200s.

36. Of their 777-200ER aircraft equipped with PW4077s, tail number N787UA holds the record for engine failures: it failed to take off *twice* in the previous year due to sparks and/or smoke visible from its engines, and also had engines fail mid-flight *twice*, in 2013 and 2014.

37. N787UA is still in service with United as of the date of this complaint.

38. Plaintiffs will refrain from enumerating the incidents for the rest of United's 777-200ERs, and have also omitted any incidents that appeared to have been caused by birds flying into the engine or incidents more than about 10 years prior to UA1158[1].

39. Put simply, United has demonstrated that it is unable to safely maintain its 777s with PW4077 engines.

40. But, United has not grounded these planes, and, upon belief, has no plan to mitigate the specific safety risks presented by these planes short of hopes and prayers that they do not crash before their scheduled retirement.

41. Quite the opposite, United has demonstrated that they will do the minimum possible maintenance and inspections allowed by law – or less.

---

[1] There were, in fact, relatively few incidents in 2003-2012, as compared to 2013 to present, indicating that these issues are becoming more frequent as these aircraft age.

42. For example, after N773UA lost a fan blade in flight in 2018, as described *supra*, it was determined that "metal fatigue" (metallic parts losing strength over time and use) was the likely culprit.

43. Fan blades can be examined for metal fatigue using "fluorescent penetrant inspection" and "thermal acoustic imaging."

44. A reasonable airline, upon discovering that one airplane's engines suffered from metal fatigue, would have inspected all other airplane engines of the same model and similar age using these techniques.

45. But because the FAA did not explicitly[2] require them to do so, United did not discover that N772UA was suffering from the same metal fatigue, ultimately causing the same failure to occur on that aircraft in 2021.

46. Upon information and belief, discovery will uncover that United did not exercise reasonable care in the inspection of N779UA, causing the injuries incurred by Plaintiffs.

47. While planes can, and do, land without crashing despite the failure of one engine, it is a highly dangerous condition requiring immediate landing at the nearest safe airport, and it is only a matter of time before a deadly disaster occurs on one of United's 777-200s.

## Class Allegations

48. Plaintiffs seek certification of a single class: all passengers above the age of two years old on board UA1158 at the time of engine failure who experienced the emotional distress typical for any human placed in fear for his or her life.

---

[2] The FAA requires airlines to keep their planes in safe operation, of course, and a reasonable airline would have conducted these examinations for that purpose, but the FAA did not explicitly say "United must conduct metal fatigue inspections."

49. This class excludes all actively working for United in service of UA1158 at the time of the engine failure (*e.g.*, flight deck crew, cabin crew), but does not exclude "non-revenue customers" (those traveling on a free ticket) or United employees who may have been on board but not in service of the flight.

50. There were approximately 260 passengers on board, and it is expected that nearly all of them experienced the emotional distress that would be a natural human emotional response to a near-death experience[3].

51. This putative class meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3).

52. *Numerosity* – The size of the class is expected to be 260 persons, making it impracticable to individually name all possible plaintiffs.

53. *Commonality* – The application of California negligence law to an incident that occurred on an airplane above its land will be a common question of law for all class members. Likewise, the factual basis for the negligence of United will be a common question of fact for all class members.

54. *Typicality* – All passengers on board encountered the same scenario as the named plaintiffs and are highly likely to have suffered emotional distress similar to the named plaintiff, as this complaint speaks of a natural human emotional response to a near-death experience[4].

---

[3] It is not an element of Plaintiffs' claim that the passengers were actually about to die. This was not a "safe" condition for an airplane, regardless of whether it is more likely than not that such a situation will result in a crash. The emotional distress here was due to what any passenger would foreseeably and reasonably perceive as a situation where they may lose their life. One who puts another in fear of death, causing emotional distress, is liable regardless of whether or not there was any actual risk of death.

[4] Plaintiffs do not seek damages for atypically severe and/or permanent mental health conditions, and would encourage any passengers with damages greater than the ordinary passenger to consider excluding themselves from the class.

55. *Adequacy* – Plaintiffs have no interest separate from, or in conflict with, those of the proposed class they seek to represent, and will fairly and zealously seek recovery for the entire class.

## Claims for Relief

### Count 1 – Negligent Infliction of Emotional Distress

56. United has a duty, whether established by California common-law or by federal statutes and regulations, to inspect and maintain its aircraft using some level of due prudence.

57. Regardless of the exact level and nature of the prudence required, airplanes do not have explosions and fill with smoke absent a complete failure to use any industry-standard or government-required procedures; breach of duty is thus demonstrated by principals of *res ipsa loqitor*, and will be further demonstrated via records obtained through discovery.

58. United's breach of duty resulted in the infliction of severe emotional distress upon Plaintiffs and their fellow passengers.

59. This emotional distress was entirely foreseeable and would not have occurred but for United's breach of duty.

60. United is therefore liable to Plaintiffs and all similarly situated for the emotional distress they encountered as a result of United's negligence.

### Count 2 – Negligence *Per Se*

61. Plaintiffs repeat and re-allege the paragraphs under Count 1 as if hereby stated in full.

62. United was required by federal law to properly inspect and maintain its aircraft such that it could safely operate.

63. To wit, United failed to abide by 14 C.F.R. § 91.8 ("Civil aircraft airworthiness"), § 91.13 ("Careless or reckless operation"), and others, and upon information and belief, review of United's inspection and maintenance records will uncover numerous other failures that led to this disaster.

64. United's failure to follow the law resulted in the type of harm that law sought to prevent, to wit: unsafe conditions on an airplane resulting in injury to persons or property.

65. United is therefore liable to Plaintiffs and all similarly situated for the emotional distress they encountered as a result of United's negligence *per se*.

### Prayer for Relief

WHEREFORE, Plaintiffs pray that the Court order the following relief:

i. Actual damages for garden-variety emotional distress relating to the natural human emotional response to a near-death experience, in an amount to be determined by a jury;

ii. Reasonable attorney's fees;

iii. Cost of the action;

iv. Interest as allowed by law; and

v. Any such further relief as the Court deems proper.

Dated: Los Angeles, CA
October 1st, 2023

Respectfully submitted,

_____/s/Jonathan Corbett_____
Jonathan Corbett, Esq. *(CA Bar 325608)*
**CORBETT RIGHTS, P.C.**
5551 Hollywood Blvd., Suite 1248
Los Angeles, CA 90028
Phone: (310) 684-3870
FAX: (310) 675-7080
E-mail: jon@corbettrights.com